IOSIA of Tafuna, Appellant

v.

HEIRS OF LEMEANAI FAMILY, Appellee

## No. 1-1954*

## High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Foganono" in Tafuna]

## January 22, 1954

---

### OPINION AND ORDER OF AFFIRMANCE

Argued January 6, 1954, before MORROW, *Chief Justice,* and TAUALA and APE, *Associate Judges.*

Aifili, counsel for Iosia.

Toomata, counsel for Heirs of Lemeanai Family.

MORROW, *Chief Justice*

The appellee, Heirs of the Lemeanai Family, filed a petition in the Trial Division of the High Court praying for the removal of Iosia from the land Foganono which is near Tafuna. Iosia denied the right of the Heirs to have him removed. Hearing was had by the Trial Division which

---

* See, also, No. 3-1954 entitled *Mauga S. P. of Pago Pago v. Soliai P. of Nu'uuli,* on page 108.

decreed "that Iosia shall have the right to possess, occupy, and use for plantation purposes that part of the land Foganono on which he now has plantations until January 1, 1956 and shall also have the right to continue to use and occupy his houses thereon until January 1, 1956 at which time he shall vacate the land Foganono taking his houses with him if he so desires. He shall leave such of his plantations as may be on Foganono on January 1, 1956 in an unharmed condition." Iosia appealed from this decree.

The land Foganono is registered as the communal land of the Lemeanai title. Iosia has been living on a part of Foganono for a number of years and has a palagi house and some Samoan houses on the part occupied by him. Also he has some plantations which he has put in Foganono. The Heirs of the Lemeanai Family gave him notice to vacate the property which he refused to do.

He claims to have a right to occupy and use the premises through consent given him by Atualevao, now deceased, who was a matai in the Lemeanai Family. Iosia also claims to be a member of the Lemeanai Family. The Heirs claim that Iosia's occupancy grew out of permission given to him by Saiselu, the head of the Lemeanai Family, to put up a small Samoan house on Foganono for his use in connection with fishing. There was a sharp conflict in the testimony with respect to these matters.

The Trial Court found that Iosia was not a member of the Lemeanai Family. It also found that Atualevao did give Iosia permission to put in plantations on Foganono and live there. The Trial Court further said that Saiselu, the head of the (Lemeanai) Family, may also have given him permission to put up a small Samoan house on Foganono for use in connection with his fishing. "However," says the Trial Court in its opinion, "we believe from the evidence that permission given Iosia to enter upon

Foganono was not given to him (Iosia) as a member of the Lemeanai Family. In other words, it was not a case of the matai assigning a piece of family land to a young man in the family for his use."

The applicable statute provides that "The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court unless clearly erroneous . . ." Amendments, Nos. 11–59, 1952, par. 10, E, Sec. 213.

With respect to Iosia's membership in the Lemeanai Family, the testimony of the witnesses was in direct conflict. We cannot say, in the light of the evidence at the trial, that the trial court's finding of fact that Iosia was not a member of the Lemeanai Family was clearly erroneous. The Trial Court found that he was a member of the Taufi Family in Aunuu where he was born. Of course, this Court knows judicially that a Samoan may be a member of more than one family, that he belongs to the Lemeanai Family. You cannot correctly say "X belongs to more than one Samoan family. Therefore, he is a member of the Lemeanai Family." Such a statement is simply not true. Assuming, as Iosia claims and the Trial Court found, that Atualevao (he was not the head of the Lemeanai Family) did give permission to Iosia to enter upon and use a part of Foganono, it would not follow, the Trial Court having found from substantial evidence that Iosia was not a member of the Lemeanai Family, that he (Iosia) has the right to occupy that part of Foganono indefinitely as he claims. Iosia claims the right to live upon Foganono on the theory that he is a member of the Lemeanai Family. But the difficulty with his claim is that the Trial Court found, with an abundance of evidence to support its finding, that he is not such a member. We think he has the right since he entered with permission of Atualevao and put in plantations, thereby improving the property, to continue to occupy

it for awhile to compensate him for the improvement, and the Trial Court so ordered in its decree.

Iosia claims that the Trial Court was in error in concluding that Saiselu was the head of the Lemeanai Family. There was substantial evidence to support the Trial Court's finding and we cannot set aside the decree and order a new trial upon a matter of fact unless the finding was clearly erroneous which it was not. We think that the weight of the evidence was to the effect that Saiselu was the head of the Family and that Atualevao was a lesser matai in the Family.

It was claimed in argument that the Trial Court found that Iosia entered Foganono pursuant to authority given by Saiselu. Such is not the fact. The opinion of the Trial Court shows that it found that permission to enter was given by Atualevao and that Saiselu may also have given permission to Iosia to put up a small Samoan house for his use in fishing. The Trial Court in its opinion said "We believe from the evidence that Atualevao, a matai in the Lemeanai Family, did give him (Iosia) permission to put in plantations on Foganono and live there and we think that Saiselu, the head of the Family, may also have given him permission to put up a small Samoan house on Foganono for use in connection with this fishing. However, we believe from the evidence that permission given Iosia to enter upon Foganono was not given to him as a member of the Lemeanai Family. In other words, it was not a case of the matai assigning a piece of family land to a young man in the family for his use." Since the Trial Court found upon substantial evidence that Iosia was not a member of the Lemeanai Family, it makes no difference as far as this case is concerned, whether he was given permission by Atualevao or Saiselu or by both of them.

■ Iosia claims on appeal that Noa should not have sat as an associate judge in the Trial Division when the case

was heard. If Iosia had any objection to Judge Noa's sitting in the case, he should have voiced it when the case came on for hearing, and not waited until after the case was decided. In other words, he should not have gambled on winning his case and then, after learning that the decree went against him, complain that the associate judge was ineligible to sit. We dare say that if he had won the case he would not be claiming that Judge Noa was ineligible to sit.

■ However, Judge Noa was eligible to sit. The statute governing disqualification of judges provides that "No judge shall sit in any case in which he or a family of which he is a member has a substantial interest, or in which he has been counsel, is or has been a material witness, or is a member of the same family with any party to the case." Amendments, Nos. 11–59, 1952, par. 10, B, Sec. 172. Iosia's counsel argued that the associate judge had an "interest in this case" because, as counsel said, "High Chief Letuli in his letter (which was admitted in evidence without objection) stated that Judge Noa can be a witness." The statute disqualifies a judge if he "is or has been a material witness" and not if he can be. Judge Noa was not nor had he been a material witness in this case. A witness in a case is a person who gives testimony. Judge Noa did not take the stand. We do not know whether Judge Noa could have been a witness or not. We do know, however, that he was not.

Iosia also claims that Judge Noa was disqualified because "our (Iosia's) counsel Aifili did not know that Noa's son is married to a daughter of Malama, the sister of Aumavae Toloumu, but he just found that out later when the decision was delivered." Conceding for the sake of argument that Judge Noa's son is married to a daughter of Malama, the sister of Aumavae Toloumu, Judge Noa would not be disqualified under the applicable statute to sit in the case.

486

Furthermore, Iosia undoubtedly knew of this marriage when the hearing began and, if he had any objection to Judge Noa's sitting in the case, he should have raised it then. He should not have kept quiet and gambled on winning his case and when he lost raise the objection for the first time on appeal. A litigant should not play fast and loose with the Court. But as we have said Judge Noa was not disqualified under the statute, even if the claim of Iosia concerning the marriage of Noa's son to the daughter of Malama, the sister of Aumavae Toloumu, be true.

. We have considered all the grounds for reversal urged by Iosia's counsel in his argument. Some additional grounds are set out in the statement of grounds for appeal. Upon consideration of them, we find them without merit.

It is our opinion on this record that the decision of the Trial Division should be affirmed.

### ORDER OF AFFIRMANCE

Accordingly, it is ORDERED that the decree entered by the Trial Division be and it is hereby affirmed.

Costs in the sum of $5.00 are hereby assessed against Iosia, the same to be paid within two weeks.